UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CHAD W. RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:19-CV-32 |
| CHILD SUPPORT and | ) | |
| UNICOI COUNTY SHERIFF'S | ) | |
| DEPARTMENT | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

Plaintiff Chad W. Ramsey has filed a Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Ramsey is representing herself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if

its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] Plaintiff filed this complaint on March 11, 2019 [Doc. 2], a supplement on March 21, 2019 [Doc. 4], and a second supplement on April 8, 2019 [Doc. 5]. Plaintiff specifically alleges "embarrassment, seizure of property, identity theft, harassment, unlawful arrest for DNA, [and] bad treatment in the jail" [Doc. 2, pg. 2]. Plaintiff states no facts as they relate to his claim but attaches notices of review from the Office of Child Support Enforcement citing that "[a]ction cannot be taken at this time" for review[2] [Doc. 2-1]. In his first supplement, Plaintiff

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

[2] "Action cannot be taken at this time for one of the following reasons: the State of Tennessee does not have enough information to proceed; the process was started in error; <u>OR</u> the State of Tennessee lacks jurisdiction to proceed with a review." [Doc. 2-1, pgs. 1, 3].

includes a notice of license revocation from the Tennessee Department of Human Services and various internet research on identity theft, trial by jury, suing the government, and conspiracy against rights [Docs. 4, 4-1, 4-2, 4-3]. The second supplement includes state court documents and research on Section 1983 [Docs. 5, 5-1, 5-2, 5-3]. As relief, Plaintiff asks for the Court to dismiss his child support obligation and to remedy all of the stated allegations, as well as for damages in the amount of $600,000 [*Id.* at pg. 3].

Plaintiff cites that he is bringing this suit under 42 U.S.C 1983 and United States Constitution Amendments 4, 6, 7, and 8. Section 1983 provides relief for a person who has had his federal rights violated by another person or entity acting under color of state law. The Fourth, Sixth, Seventh, and Eighth Amendments refer to unreasonable searches and seizures, trial by jury in criminal and civil cases, and cruel and unusual punishment, respectively. The Supreme Court has found that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. However, in his complaint, Plaintiff gives no facts or application of the cited statutes and Amendments beyond his statement of grievances. Therefore, it is impossible to say that there is an arguable basis in fact as there is absolutely no basis in fact. As such, this Court does not have federal question jurisdiction over this suit. Additionally, as Plaintiff resides in Tennessee and he identifies Defendants as also residing in Tennessee [Doc. 2, pg. 3], Plaintiff has not made a showing of diversity jurisdiction.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file in the appropriate court. This Complaint lacks any

arguable basis for a recovery in this Federal Court due to lack of jurisdiction. *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).